22-3060-pr
*Lewis v. Bartosh*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of December, two thousand twenty-three.

Present:

BARRINGTON D. PARKER,
EUNICE C. LEE,
SARAH A. L. MERRIAM,
        *Circuit Judges.*

_____

Oswald A. Lewis,

        *Plaintiff-Appellant*,

      v.                                    22-3060-pr

Christopher Bartosh, Deputy U.S. Marshal Brian Banks, Deputy Ryan Thomas Westfield, Deputy Robert Ledogar, Deputy Antony Dineen,

        *Defendants-Appellees*,

Bureau of Alcohol, Tobacco, Firearms and Explosives, (ATF), United States Marshals Service, (USMS), Howard Stern, Bureau of Alcohol Firearm and Explosives (ATF), Ayesha Winston, Bureau of Alcohol, Firearm and Explosives (ATF), Patrick Donahue, United States

Marshal Service (USMS), Sandy Rao, United States Marshal Service (USMS),

*Defendants*.

_____

For Plaintiff-Appellant:                    Oswald A. Lewis, *pro se*, Joint Base MDL, NJ.

For Defendants-Appellees:                 Varuni Nelson, Kevan Cleary, Melanie M. Speight, Assistant United States Attorneys, of counsel, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kovner, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

In 2016, Plaintiff-Appellant Oswald Lewis, proceeding *pro se*, brought *Bivens*[1] claims against various Deputy United States Marshals, among others (together, Defendants-Appellees), including for use of excessive force during an arrest at his home and for failure to intervene in that use of force. Lewis's *Bivens* claims partially survived summary judgment. *See Lewis v. Bureau of Alcohol, Tobacco & Firearms*, No. 16-CV-1057(KAM)(JO), 2018 WL 4853043, at *11–12 (E.D.N.Y. Oct. 4, 2018). In July 2022, on the eve of trial, the district court *sua sponte* recognized

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (holding that there is an implied cause of action for money damages against federal officials for violations of the Fourth Amendment).

2

that the Supreme Court's recent decision in *Egbert v. Boule*, 596 U.S. 482 (2022) might foreclose Lewis's claims under *Bivens* and invited the parties to brief the issue. After receiving that briefing, the district court determined that *Egbert* foreclosed Lewis's remaining claims against the Defendants-Appellees and entered judgment for them. *See Lewis v. Westfield*, 640 F. Supp. 3d 249, 252–55 (E.D.N.Y. 2022). Lewis appealed the decision to this Court.

We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal. Our review is *de novo*. *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126 (2d Cir. 2013) (per curiam); *see also Vengalattore v. Cornell Univ.*, 36 F.4th 87, 101 (2d Cir. 2022) (The availability of "a private right of action is of course a purely legal ruling, which we review *de novo*.").

As an initial matter, and contrary to Lewis's arguments that the district court wrongly reopened the judgment, the district court was permitted to *sua sponte* raise the effect of the *Egbert* decision. A district court may exercise its discretion to revisit its earlier rulings in the same case when, among other things, there has been a change of controlling law. *See Off. Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003). While Lewis invokes preclusion doctrines, preclusion affects subsequent lawsuits, not usually "later stages of the *same* litigation." *Rezzonico v. H & R Block, Inc.*, 182 F.3d 144, 148 (2d Cir. 1999) (emphasis added).[2]

---

[2] While the clerk of the district court entered partial judgment in favor of Defendants-Appellees after the original summary judgment decision, the district court did not direct partial entry of judgment under Fed. R. Civ. P. 54(b). Thus, the clerk's entry would not have cabined the subsequent exercise of the district court's discretion because there was no finality.

3

We otherwise agree with the district court that *Egbert* precludes Lewis's *Bivens* claims. In *Egbert*, the Supreme Court emphasized once again that "recognizing a cause of action under *Bivens* is a disfavored judicial activity." *Egbert*, 596 U.S. at 491 (internal quotation marks omitted). "[I]f a claim arises in a new context" — such as if it involves "a new category of defendants" — or if there is an "alternative remedial structure," a *Bivens* remedy is generally "unavailable." *Id.* at 492, 493 (internal quotation marks omitted).

The district court concluded that several of the factors recognized in *Egbert* precluded a *Bivens* remedy here, including the professional identity of Defendants-Appellees (Deputy Marshals, rather than federal narcotics agents) and the existence of an alternative remedial scheme through which the Directors of the Marshals Service must investigate reported misconduct. *See Lewis*, 640 F. Supp. 3d at 253–55 (citing 28 U.S.C. § 561(g); 28 C.F.R. § 0.111(n)); *see also Egbert*, 596 U.S. at 497–98 (explaining that a similar remedial scheme "independently foreclose[d]" a *Bivens* remedy against the Border Patrol agents). In response to the former, Lewis argues primarily that *Egbert* should be read to shield only agents of the Department of Homeland Security. But *Egbert* rebuts Lewis's position by indicating that new *Bivens* contexts arise whenever there is "a new category of defendants." *Egbert*, 596 U.S. at 492 (internal quotation marks omitted). And even giving Lewis's submissions the liberal construction afforded to litigants proceeding *pro se*, we do not proceed further in our discussion because Lewis does not address the district court's finding of an available alternative remedial scheme[3] and has, therefore,

---

[3] Lewis asserted that "even alternative remedies did not foreclose a *Bivens* action," but this statement neither addresses the district court's discussion nor accurately reflects the law.

4

abandoned any challenge to that determination. *See Green v. Dep't of Educ. of City of N.Y.*, 16 F.4th 1070, 1074 (2d Cir. 2021) (per curiam).

In sum, Lewis has not provided any reason to disturb the district court's ruling that his claims arose in a new *Bivens* context. Finding his remaining arguments to be unavailing or without merit, we **AFFIRM** the judgment of the district court. Accordingly, the related pending motion in this matter is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court